# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: C.F.**

**No. 14-0518** (Mercer County 13-JA-32-DS)

**FILED**

September 22, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, by counsel P. Michael Magann, appeals the Circuit Court of Mercer County's April 28, 2014, order terminating his parental, custodial, and guardianship rights to C.F., his seven-year-old daughter. The guardian ad litem for the child, Allison Huson, filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney, Katherine Bond, filed a summary response in support of the circuit court order. On appeal, Petitioner Father argues that the circuit court erred in denying him a continuation of his post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2013, the DHHR filed an abuse and neglect petition against Petitioner Father, alleging that he failed to provide for the physical, medical, and emotional needs of C.F. for two years. The petition also alleged that Petitioner Father failed to provide financial support for C.F. By order entered on October 17, 2013, Petitioner Father admitted to the allegations contained in the petition. Therefore, the circuit court granted Petitioner Father a post-adjudicatory improvement period. As part of his improvement period, Petitioner Father was ordered to submit to a psychological evaluation and was granted supervised visitation.

The circuit court held a review hearing on December 9, 2013, during which the circuit court continued Petitioner Father's post-adjudicatory improvement period. Specifically, the circuit court instructed Petitioner Father that it would suspend his supervised visitation if he failed to complete the psychological evaluation.

On April 7, 2014, the circuit court held a dispositional hearing during which the DHHR presented testimony that Petitioner Father only participated in three supervised visits. Importantly, the circuit court heard testimony that Petitioner Father failed to submit to the psychological

evaluation.[1] After considering the testimony, the circuit court specifically continued the dispositional hearing until April 17, 2014, to allow Petitioner Father additional time to schedule his psychological evaluation and to avoid the termination of his parental rights. Prior to the April 17, 2014, dispositional hearing, the DHHR submitted a court summary indicating that Petitioner Father failed to personally schedule his psychological evaluation. During the continued dispositional hearing, the circuit court heard proffers consistent with the DHHR's summary. Petitioner Father submits that he was not required to personally schedule his psychological evaluation Ultimately, the circuit court terminated Petitioner Father's parental, custodial, and guardianship rights because he did not comply or follow through with his improvement period. It is from this dispositional order that Petitioner Father now appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner Father argues that he should have been granted an extension to his post-adjudicatory improvement because the circuit court did not order that he had to personally schedule his psychological evaluation. We disagree.

In order to obtain an extension of a post-adjudicatory improvement period, West Virginia Code § 49-6-12(g) requires circuit courts to find that the parent "has substantially complied with the terms of the improvement period." As the circuit court found, Petitioner Father "has not responded to or followed through with a reasonable [f]amily [c]ase [p]lan . . . ." This finding was supported by the evidence that during the first dispositional hearing, the circuit court clearly stated that Petitioner Father "can schedule [the psychological evaluation] and that "the [circuit court] is going to terminate you on April 17, [2014], at [two] o'clock unless *you* schedule your evaluation." (Emphasis added.) Prior to the April 17, 2014, dispositional hearing the DHHR submitted a court summary indicating that Petitioner Father failed to schedule his psychological

---

[1]As a result of this failure, the circuit court suspended Petitioner Father's supervised visitation.

evaluation as directed by the circuit court. During the same hearing, the circuit court heard proffers consistent with the DHHR's summary that Petitioner Father failed to personally schedule his psychological evaluation. Despite the circuit court's order directing Petitioner Father to personally schedule his psychological evaluation, he failed to schedule the evaluation in violation of the circuit court's order.[2] As such, it is clear that the circuit court could not make the requisite finding of compliance with the terms of the improvement period necessary to grant an extension.

Our review of the record also shows no error by the circuit court in terminating Petitioner Father's parental, custodial, and guardianship rights. Relying on the evidence outlined above, the circuit court found that Petitioner Father failed to respond to or follow through with the reasonable family case plan, which is a circumstance in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future according to West Virginia Code § 49-6-5(b)(3). It is clear that the circuit court had sufficient evidence upon which to find that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of his parental, custodial, and guardianship rights was necessary for the children's welfare. Circuit courts are directed to terminate parental, custodial, and guardianship rights upon the same, pursuant to West Virginia Code § 49-6-5(a)(6). As such, the Court finds no error in the circuit court's termination of Petitioner Father's parental, custodial, and guardianship rights.

For the foregoing reasons, we find no error in the decision of the circuit court and its April 28, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: September 22, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[2]Further, Petitioner Father failed to attend the continued dispositional hearing on April 17, 2014.

3